RICHARD A. VAN WAGONER (4690)
NATHAN A. CRANE (10165)
SNOW CHRISTENSEN & MARTINEAU
10 Exchange Place, Eleventh Floor
P.O. Box 45000
Salt Lake City, Utah 84111
Telephone: (801) 521-9000
rav@scmlaw.com
nac@scmlaw.com

*Attorneys for Defendant*

---

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MAKAIO MR. CRISLER CRISLER<br><br>Defendant. | **DEFENDANT CRISLER'S RESPONSE TO UNITED STATES' POSITION REGARDING DETENTION**<br><br>Case No. 2:22-cr-00481-CW-3<br><br>Judge Clark Waddoups |

The United States asks that Defendant Makaio Crisler be detained pending trial. (Dkt. 25.)  Mr. Crisler opposes the request and asks the court to release him pending trial, as follows:

## I.  MAKAIO LYMAN CRISLER

1.      Mr. Crisler is 39 years old.

2.      He has no criminal history.

3.     Mr. Crisler met his wife Kelli at Timpview High School, they married in 2006, and together they have four children, girl, boy, girl, and boy.  Taylor is 14, Grafton is 12, Iseli is 8, and Ezra is 7.

4.     Mr. Crisler is an active coparent and part of his children's lives.

5.     Except for a two-year LDS mission in Japan and brief stints when his father was teaching in Hawaii, Mr. Crisler has lived in the State of Utah since moving here with his parents in 1993, when he was in fourth grade.

6.     Mr. Crisler graduated from Timpview High School and attended BYU where he received a degree in recreation management.

7.     He and his immediate family have lived at their current address in Provo, Utah, for seven years; they lived in American Fork prior to that.  Mr. Crisler's parents, Kelli's mother, and many extended family members live within proximity to where he and his immediate family live, and he is close with his extended family.  They include Mr. Crisler's parents Jesse and LouAnn Crisler, Provo, Utah; mother-in-law MaryAnn Young, Orem, Utah; grandmother-in-law, Delores Horrocks, Provo, Utah; sister Lane Vamianakis and her husband Niko and two children, Sandy, Utah; and, brother-in-law Carter Young and his wife Theresa and three children, Saratoga Springs, Utah; and aunts, uncles, and cousins.

8.     Mr. Crisler is active in his church and community.  He is an advisor to youth in his church congregation and serves as a member of the board of the neighborhood HOA.

9.      Mr. Crisler and Kelli own, but have a mortgage on, their Provo, Utah home.

10.      Mr. Crisler owns no property or assets outside the United States or State of Utah.

11.      The government alleges Mr. Crisler "appears to control offshore bank accounts." (Dkt. 25 at 6.) That allegation is untrue. The government supports its claim with a single, one-page email written in Chinese that is almost seven years old. "Attachment B," labeled "Government Exhibit 2," is dated February 4/8, 2016. (*Id.*) Mr. Crisler has no bank accounts outside the State of Utah (a) in his name, (b) in which he has any ownership or beneficial interest, or (c) over which he maintains any control.[1]

12.      The government alleges Mr. Crisler "has a history of international travel." Dkt. (25 at 6.)  Mr. Crisler's international travel has been limited and sporadic. Approximately six years ago, he visited Japan where he had served a mission and one of his brothers was living.  More recently, Mr. Crisler and Kelli took their four young children on a family vacation to Cancun, Mexico.

---

[1] The evidence will show that payments to international companies were for invoiced services and not to move money offshore.  Presumably, the government has in its possession the detailed financial records showing that *all* such funds went to pay invoiced amounts for services rendered. Indeed, while the indictment alleges that millions of dollars moved offshore, U.S. financial institutions require invoices and other justification for payments to foreign entities, given federal laws and regulations that require such financial institutions to "Know Your Customer" and file Suspicious Activity Reports.

13.     Mr. Crisler, a brother, and a brother-in-law traveled to Qatar[2] last month to attend as many 2022 World Cup matches as they could fit into five-six days.  Mr. Crisler's brother-in-law arrived in Doha, Qatar on November 17, 2022, his brother arrived November 19, 2022, and Mr. Crisler arrived the next day, November 20, 2022. They stayed in Qatar until November 26, 2022.  Mr. Crisler's brother-in-law flew home direct from Qatar to Boston (he lives in New Hampshire), his brother flew direct from Qatar to Atlanta where he lives, and Mr. Crisler flew to Salt Lake City via O'Hare International Airport in Chicago, Illinois.  While in Qatar, they attended the following six games on the following dates: England v. Iran (Nov. 21); USA v. Wales (Nov. 21); Denmark v. Tunisia (Nov. 22); Germany v. Japan (Nov. 23); Switzerland v. Cameroon (Nov. 24); England v. USA (Nov. 25).  They stayed at the following address: 4179 Umm Ghuwailina Apartments, Zone 27, Street 853, Building 24, Doha, Qatar.  They filled their days in Doha with traveling to and from soccer stadiums and taking in as much of the World Cup soccer experience as possible. They also did some light souvenir shopping at local markets. Mr. Crisler's brother and brother-in-law were with him nearly every hour

---

[2] Mr. Crisler traveled to the World Cup as follows:

November 19 2022:

SLC to DEN UA 5340
DEN to ORD UA 2679
ORD to DOH Qatar Airways QR 0724

November 26 2022:

DOH to ORD Qatar Airways QR 0725
ORD to SLC American Airlines Flight 3136

of every day Mr. Crisler was in Qatar, except for late evening hours, when they were sleeping in different bedrooms.  *See* attached Declarations of Lance Crisler and Matthew Maughan.

14.     Finally, in support of its allegation that Mr. Crisler is a risk of obstruction, the government included "Attachment A" to its memorandum, a two-page email dated December 1, 2017, labeled "Government Exhibit 1."  (Dkt. 25.)  The government alleges that the email, which is over five years old, is evidence that Mr. Crisler was untruthful including about Mr. Gannuscia's involvement in certain activities.   The defense has reason to believe the statement about Mr. Gannuscia was true on the date of the email. The defense does not have the discovery to assess whether the statements were untrue including whether Mr. Gannuscia was, in fact, involved in those activities at that time. Mr. Crisler also notes that Judge Benson entered the FTC order on April 27, 2018, five months *after* the date of the email, "Attachment A."

## II. ARGUMENT

### A.     The Government Has Not Met Its Burden For A Detention Hearing

The Bail Reform Act (Act) creates a presumption of release in this case.[3]   To meet the requirements for a detention hearing, the government alleges that provisions of 18 U.S.C. § 3142(f)(2) apply – there is a serious risk defendant will flee and obstruct justice.

---

[3] The Act, 18 U.S.C. § 3142, requires a bail hearing for offenses enumerated in subsection (f)(1).  Defendant Crisler is not accused of any of the enumerated offenses.

If the court denies the government's request for a detention hearing, a release is required.  The question of the nature of such a pretrial release is governed by 18 U.S.C. § 3142(b) and (c).  Subsection (b) requires either a personal recognizance release or release on an unsecured appearance bond unless the court determines that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person in the community.  If either of those conditions exists, the court is required to release the defendant, "subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community."  18 U.S.C. § 3142(c)(1)(B).

The critical components of this provision are that the conditions be reasonably necessary and they must be the least restrictive conditions to assure the defendant's appearance and the safety of any other person in the community.  Defendant will address the necessity and propriety of such conditions in court after receipt of the pretrial report.

The government has not met its burden of demonstrating by a preponderance of the evidence a serious risk of flight or by clear and convincing evidence a serious risk of obstruction.  The court should therefore release Mr. Crisler without a detention hearing.

Accordingly, Mr. Crisler respectfully requests that the Court release him pending trial in this matter.

1.      Mr. Crisler Is Not a Serious Flight Risk

Mr. Crisler has very strong ties to Utah, where his wife, young children, and many in his extended family live, and where he has his home, attended school, and lived most of his life.  He is an active and involved parent.  He is active in his church and community.  He does not own property outside the State of Utah.  Contrary to the government's allegations, purportedly supported by a seven-year-old email that's written in Chinese, Mr. Crisler does not own, have a beneficial interest in, or control any foreign bank accounts.  The seven-year-old email, "Attachment A," is proof of nothing and does not meet the preponderance standard.  All funds paid to entities and accounts outside the State of Utah were payments against invoices for sales and marketing services.

> 2.   Mr. Crisler Is Not a Serious Risk to Obstruct Justice

The government places great weight on the FTC order that Judge Benson entered on April 27, 2018, a case in which Mr. Crisler was not involved.  The government alleges Mr. Crisler is untruthful based on an email from December 1, 2017, more than five years ago and five months before Judge Benson entered the FTC order which, even if accurate, does not translate to a serious risk of obstruction.  The defense has no access to the discovery and no way to assess whether the representations Mr. Crisler is accused of having made in a five-year-old email were untrue at that time, or the merits and strength of the allegations in the indictment.  The government certainly has not met the standard of clear and convincing evidence that Mr. Crisler presents a serious risk of obstruction.

**B.   Defendant Can Be Managed On Pretrial Release**

If a detention hearing is held federal law directs that a defendant should be detained pending trial only if a "judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. . . ." 18 U.S.C. § 3142(e).  If the Court finds that conditions are warranted, the Court must impose "the least restrictive further condition, or combination of conditions [that] reasonably assure[s] the appearance of the person as required." 18 U.S.C. § 2142(c)(1)(B).  The United States has the burden of persuasion by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community or by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required. *Id*.; *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).

When determining whether acceptable conditions of release will assure the defendant's appearance and community safety, the "judicial officer shall . . . take into account the available information concerning" the following factors: (1) the nature of the offense; (2) the weight of the evidence; (3) the history and characteristics of the defendant, including family ties, employment, financial resources, past conduct, etc.; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).  A judicial officer may also permit the temporary release of a person in custody "to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." *Id*. § 3142(i).

If the court determines that Mr. Crisler presents a serious risk of flight or obstruction, he can be managed on pre-trial release, and the court should release him and with the least restrictive conditions to assure he will not flee or obstruct and the safety of any other person in the community. Mr. Crisler will abide by all terms and conditions the court sets, including surrendering his passport and all other special conditions, which would eliminate any risk of non-appearance and any potential danger to the community. He has a stable family life and place to live and will seek and obtain full-time employment that meets with the court's approval.

Moreover, as the court noted during the initial appearance on December 14, 2022, the 18-count indictment against nine defendants is extremely complex and includes mountains of discovery that cannot be easily processed, organized, and reviewed. It may be many months, or even years, before the case reaches trial. The court has entered or soon will enter a protective order on the discovery. Mr. Crisler's active involvement in the preparation of his defense is necessary to assist counsel, a continuous task that cannot be accomplished while he is in custody.[4] Mr. Crisler's assistance will be a critical component of his defense. If he is detained pending trial, there will be no reasonable or feasible method for him to review the voluminous and potentially complex discovery and assist counsel in his own defense. Mr. Crisler's

---

[4] Since the COVID-19 outbreak, are restrictive on professional visits with inmate clients. Given the protective order, review of discovery with Mr. Crisler could occur only at the jail. Getting electronic devices into jails, a necessity with voluminous discovery, is burdensome and ineffective given the limited time and resources available for each visit.

release is necessary to ensure an adequate defense and to assist counsel in trial preparation and his own defense. *See* 18 U.S.C. § 3142(i).

DATED this 18th day of December 2021.

SNOW CHRISTENSEN & MARTINEAU

_ /s/ *Richard A. Van Wagoner*
Richard A. Van Wagoner
Attorneys for Defendant

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **DEFENDANT CRISLER'S RESPONSE TO UNITED STATES' POSITION REGARDING DETENTION** was served upon the following by submission of the document for electronic filing on December 18, 2022:

Jamie Z. Thomas
US ATTORNEY'S OFFICE
111 S MAIN ST STE 1800
SALT LAKE CITY, UT 84111-2176
(801) 325-3238
jamie.thomas@usdoj.gov

Jennifer Muyskens
US ATTORNEY'S OFFICE
111 S MAIN ST STE 1800
SALT LAKE CITY, UT 84111-2176
(801) 325-3314
jennifer.muyskens@usdoj.gov

Cy H. Castle
US ATTORNEY'S OFFICE
111 S MAIN ST STE 1800
SALT LAKE CITY, UT 84111-2176
(801) 325-3214
cy.castle@usdoj.gov
 *Attorneys for Plaintiff*

April Gren Bawden
*Defendant (1)*

***No representation recorded***

**G. Fred Metos**
299 S MAIN STE 1300
SALT LAKE CITY, UT 84111
(801)535-4350
fred@gfredmetos.com
 *Attorneys for Chad Austin Bawden*
*(Defendant 2)*

**Matthew R. Lewis**
KUNZLER BEAN & ADAMSON
50 W BROADWAY STE 1000
SALT LAKE CITY, UT 84101
(801) 994-4646
mlewis@kba.law

**Taylor John Hadfield**
KUNZLER BEAN & ADAMSON
50 W BROADWAY STE 1000
SALT LAKE CITY, UT 84101
801-994-4646
thadfield@kba.law
 *Attorneys for Phillip Gannuscia*
*Defendant (4)*

11

**D. Loren Washburn**
ARMSTRONG TEASDALE LLP
222 S MAIN ST STE 1830
SALT LAKE CITY, UT 84101
801-401-1612
lwashburn@atllp.com

**Trinity S. Jordan**
ARMSTRONG TEASDALE LLP
222 S MAIN STREET STE 1830
SALT LAKE CITY, UT 84101
720-200-0676
tjordan@atllp.com
 *Attorneys for Dustin Garr*
*Defendant (5)*

**Gregory G. Skordas**
SKORDAS & CASTON LLC
124 S 400 E STE 220
SALT LAKE CITY, UT 84111
801-531-7444
Fax: 801-665-0128
gskordas@schhlaw.com
 *Attorneys for Brent Goldburn Knudson*
*Defendant (7)*

**R. Blake Hamilton**
DENTONS DURHAM JONES & PINEGAR
PC
111 S MAIN ST STE 2400
PO BOX 4050
SALT LAKE CITY, UT 84110-4050
(801)415-3000
blake.hamilton@dentons.com
 *Attorneys for Richard Scott Nemrow*
*Defendant (9)*

**Cara M. Tangaro**
TANGARO LAW PC
35 W BROADWAY STE 203
SALT LAKE CITY, UT 84101
(801)673-9984
cara@tangarolaw.com
 *Attorneys for Barbara Jo Jackson*
*Defendant (6)*

Robert McKinley
Defendant (8)

***No representation recorded***

/s/ Richard A. Van Wagoner